22-1142
Robaina v. Deva Concepts

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand twenty-three.

Present:
> DENNIS JACOBS,
> GERARD E. LYNCH,
> EUNICE C. LEE,
> *Circuit Judges*.

_____

KATHERINE ROBAINA,

> *Movant-Appellant*,

v.                                              No. 22-1142

DEVA CONCEPTS, LLP, DBA DEVACURL,

> *Defendant-Appellee*.[*]

_____

| For Movant-Appellant: | AMY E. DAVIS, Law Center of Amy E. Davis, LLC, Dallas, Texas. |
|---|---|
| For Defendant-Appellee: | JACLYN DEMAIS (Keith E. Smith and Katherine M. Clemente, *on the brief*), Greenberg Traurig LLP, Florham Park, New Jersey. |

---

[*] The Clerk of Court is respectfully directed to amend the caption as reflected above.

Appeal from an order of the United States District Court for the Southern District of New York (Woods, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Movant-Appellant Katherine Robaina appeals from an order entered by the district court denying her motion for leave to file for an exclusion from a class action settlement after she missed the opt-out deadline. On appeal, Robaina argues that the district court misapplied the governing legal standard and thus abused its discretion when it denied her motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference here only as necessary to explain our decision.

Robaina is one of 117 claimants in *Adams v. Deva Concepts, LLC*, 20-cv-9717 (GHW) (S.D.N.Y.), a personal injury action. While *Adams* was pending, plaintiffs in thirteen other consolidated class actions arrived at a settlement agreement with the same defendants, which was preliminarily approved in July 2021. On September 20, 2021, Robaina signed a letter requesting exclusion from the class action settlement in order to pursue her individual claim and timely delivered it to her counsel, Amy Davis, by email on September 26, 2021. The deadline for submitting a claim in the class action settlement was October 22, 2021, and while Davis submitted exclusion letters for 108 other plaintiffs in the class by that date, she accidentally failed to submit Robaina's letter. Because Robaina believed that she had successfully opted out of the class, she did not file a claim as part of the class action settlement.

The district court entered an order finally approving the settlement on January 3, 2022. On January 19, 2022, Davis saw the final opt-out list and realized that Robaina had not been

excluded from the settlement. On February 3, 2022, with Davis still as counsel, Robaina filed a motion for leave to file for untimely exclusion from the class action settlement.

On April 25, 2022, the district court denied Robaina's motion for leave to be excluded from the settlement, reasoning that Robaina did not meet the threshold for "excusable neglect"—the standard required under Federal Rule of Civil Procedure 6(b)(1)(B), which states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In reaching this conclusion, the district court applied the four factors to be considered in evaluating an assertion of excusable neglect as articulated by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). Those factors are: (1) "the danger of prejudice" to the nonmoving party, (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." 507 U.S. at 395. *Pioneer* also held that attorney mistake seldom meets this standard, as "clients must be held accountable for the acts and omissions of their attorneys." *Id*. at 396.

The district court emphasized the third *Pioneer* factor—the reason for the delay—and found that Robaina's counsel's mistake presented an insufficient basis to grant relief. While the court acknowledged that the other three *Pioneer* factors were "nominally more favorable" to Robaina, the court found that they were "insufficient to show excusable neglect." App'x at 57.

This Court reviews a district court's ruling on a Rule 6(b)(1) motion for abuse of discretion. *In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 135 (2d Cir. 1998). A district court abuses its discretion when "(1) its decision rests on an error of law (such as application of the wrong legal principles) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the

product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 435 (2d Cir. 2007) (internal quotation marks omitted).

On appeal, Robaina argues that the district court abused its discretion for two related reasons. First, she asserts that the district court misread the caselaw and that courts "should accept an untimely request for exclusion when the claimant exercised diligence and good faith in making the request, but delay was inadvertent or otherwise the result of mistake or carelessness, particularly when the delay is short and caused by events outside of the claimant's control." Appellant's Br. at 12. Second, she argues that the district court abused its discretion by "giving more weight to the third *Pioneer* factor while discounting the remaining three factors." Appellant's Br. at 14. We do not find either argument persuasive.

As discussed by the district court, we set a high bar for findings of excusable neglect and have explicitly held that "where the rule is entirely clear, we [ ] expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *In re Enron Corp.*, 419 F.3d 115, 123 (2d Cir. 2005) (internal quotation marks omitted). Although we have "considerable sympathy for those who, through mistakes—counsel's inadvertence or their own— lose substantial rights," we have reasoned that the "legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced—where every missed deadline was the occasion for the embarkation on extensive trial and appellate litigation to determine the equities of enforcing the bar." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 367–68 (2d Cir. 2003).

As to Robaina's second argument, we have also said that "despite the flexibility of 'excusable neglect' and the existence of the four-factor test in which three of the factors usually

4

weigh in favor of the party seeking the extension, we and other circuits have focused on the third factor." *Id*. at 366. The district court accordingly did not err when it considered the third *Pioneer* factor dispositive of its conclusion that the honest mistake of Robaina's attorney did not excuse missing the opt-out deadline.

Robaina argues that our precedents are distinguishable because those cases addressed different kinds of deadlines, such as a missed deadline to file a notice of appeal. *See Silivanch*, 333 F.3d at 367-70. We disagree. Robaina provides no reason why the *Pioneer* factors should apply with any less force to a class action settlement opt-out deadline than to the deadlines in our prior cases. All of the relevant deadlines, once foregone, foreclose parties' ability to pursue their rights on the understanding that untimeliness forfeits those rights. *See id.* at 367–68.

While it is unfortunate that Robaina suffered the loss of her opt-out right due to her counsel's mistake, she provides no legal basis under our precedent to find that the district court abused its discretion or misapplied the law when it denied her motion for leave to file for an exclusion from the class action settlement. We have considered Robaina's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk